IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN MIZWA,  )
        Petitioner,  )
          ) Civil No. 08-0286
v.  ) Criminal No. 06-0374
          )
UNITED STATES OF AMERICA,  )
        Respondent.  )

ORDER

AND NOW, this 3rd day of October, 2008, upon due consideration of defendant Brian Mizwa's Motion to Vacate Under 28 U.S.C. § 2255, the government's Opposition to the Motion, defendant Mizwa's reply thereto, and the evidentiary record created at the hearing on this motion on October 3, 2008, IT IS HEREBY ORDERED that defendant Mizwa's Motion to Vacate Under 28 U.S.C. § 2255 [doc. no. 53] is GRANTED IN PART AND DENIED IN PART.

In light of the testimony of Assistant Federal Public Defender Michael J. Novara that he had no recollection of whether or not Mizwa instructed him to appeal the conditions of his Supervised Release, and Mizwa's testimony that he explicitly instructed Novara to file an appeal on that ground,[1] IT IS HEREBY ORDERED that defendant Mizwa's direct appeal rights shall be

---

[1] We note that Mizwa's specific instruction to Novara to file an appeal as to the conditions of his Supervised Release is the only basis for this ruling because Novara met with his client before the ten day period for filing a notice of appeal had expired, as calculated pursuant to Fed. R. App. P. 26(a)(2).

reinstated and he shall be given the opportunity nunc pro tunc to file a notice of appeal. Defendant Mizwa's current counsel (Patrick R. Nightingale, Esq.) is hereby directed to file a Notice of Appeal within 10 days from the date of this Order.

The remainder of the ineffective assistance of counsel claims raised in defendant Mizwa's Section 2255 Motion are hereby DISMISSED as premature. In the event that defendant Mizwa is unsuccessful on direct appeal, and he then files a new, timely Section 2255 Motion, that motion will not be considered to be a second or successive Section 2255 Motion.

BY THE COURT,

/s/ _____, J.

cc: All Counsel of Record

2